# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. MARIN, | CV F  05-1134 AWI SMS HC |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on September 7, 2005. Petitioner indicates that he was convicted of being a felon in possession of a firearm and firearm ammunition in the U.S. District Court for the Eastern District of California, Fresno Division case number 02-CR-5196 AWI. A review of the Petition reveals that Petitioner's claims are not cognizable in a petition filed pursuant to § 2241.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal

1  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
3  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

4       In contrast, a federal prisoner challenging the manner, location, or conditions of that
5  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
6  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
7  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
8  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79
9  (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
10 United States, 610 F.2d 672, 677 (9th Cir. 1990).

11      In this case, Petitioner contends that the evidence seized from his briefcase should have
12 been suppressed on the grounds that (1) the officers lacked probable cause to believe that a crime
13 had been committed by anyone, and (2) the warrantless search was per se unreasonable.
14 Petitioner's challenges are to fact or validity of his conviction, not the execution of a sentence.
15 Thus, his claims are improperly raised in a petition under § 2241 and must be presented to the
16 sentencing court in a petition filed pursuant to § 2255.

17      A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
18 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
19 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
20 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little
21 guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth
22 Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 2000 WL
23 1170161 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses
24 statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255
25 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th
26 Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal
27 treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th
28 Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-

Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner does not allege that § 2255 is inadequate or ineffective to protect his rights.  Accordingly, Petitioner fails to fall within an exception to this rule which would allow him to raise such a claim in a petition filed pursuant to § 2241.

Based on the foregoing, the Court cannot proceed with the instant petition under § 2241; however, Petitioner may re-file a petition pursuant to § 2255, if he desires to do.  Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court is directed the send Petitioner a form petition pursuant to § 2255;

2. Within thirty (30) days from the date of service of this order, Petitioner may submit the completed § 2255 form petition; and

3. If Petitioner does not wish to submit a § 2255 form petition, the Court will proceed with a recommendation that the instant § 2241 petition be dismissed as it is not cognizable.

IT IS SO ORDERED.

**Dated:   October 14, 2005**           **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE