# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID M. MARIN,

             Petitioner,

    v.

UNITED STATES OF AMERICA,

             Respondent.

_____/

CV F   05-1134 AWI SMS HC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF
PETITION FOR WRIT OF HABEAS CORPUS
FOR FAILURE TO STATE A COGNIZABLE
CLAIM

[Docs. 1, 4]

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus September 7, 2005. On October 17, 2005, the Court issued an order informing Petitioner that the instant petition failed to raise a cognizable claim pursuant to § 2241; however, the claims may be cognizable pursuant to 28 U.S.C. § 2255. Petitioner was granted the opportunity to re-submit his petition pursuant to § 2255 if he so desired. Petitioner failed to respond to the Court's order. Therefore, the instant recommendation is issued.

## DISCUSSION

In his petition, Petitioner indicates that he was convicted of being a felon in possession of a firearm and firearm ammunition in the U.S. District Court for the Eastern District of California, Fresno Division case number 02-CR-5196 AWI. A review of the instant petition reveals that

1   Petitioner's claims are not cognizable in a petition filed pursuant to § 2241.

2        A federal prisoner who wishes to challenge the validity or constitutionality of his

3   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

4   under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.

5   Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

6   Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing

7   court has jurisdiction. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

8   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

9   2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

10  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

11       In contrast, a federal prisoner challenging the manner, location, or conditions of that

12  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

13  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

14  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

15  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79

16  (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.

17  United States, 610 F.2d 672, 677 (9th Cir. 1990).

18       In this case, Petitioner contends that the evidence seized from his briefcase should have

19  been suppressed on the grounds that (1) the officers lacked probable cause to believe that a crime

20  had been committed by anyone, and (2) the warrantless search was per se unreasonable.

21  Petitioner's challenges are to fact or validity of his conviction, not the execution of a sentence.

22  Thus, his claims are improperly raised in a petition under § 2241 and must be presented to the

23  sentencing court in a petition filed pursuant to § 2255.

24       A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

25  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

26  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United

27  States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little

28  guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth

1  Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 2000 WL

2  1170161 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses

3  statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

4  motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th

5  Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal

6  treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th

7  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-

8  Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be

9  circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner

10  to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83

11  (9th Cir. 1963).

12       Here, Petitioner does not allege that § 2255 is inadequate or ineffective to protect his

13  rights.  Accordingly, Petitioner fails to fall within an exception to this rule which would allow

14  him to raise such a claim in a petition filed pursuant to § 2241.

15                                RECOMMENDATION

16       Based on the foregoing, it is HEREBY RECOMMENDED that:

17       1.       The instant petition for writ of habeas corpus be DISMISSED; and

18       2.       The Clerk of Court be directed to enter judgment.

19       These Findings and Recommendations are submitted to the assigned United States

20  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-

21  304 of the Local Rules of Practice for the United States District Court, Eastern District of

22  California.  Within thirty (30) days after being served with a copy, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

25  shall be served and filed within ten (10) court days (plus three days if served by mail) after

26  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

27  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

28  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

1    F.2d 1153 (9th Cir. 1991).

2

3    IT IS SO ORDERED.

4    **Dated:**    **December 15, 2005**       **/s/ Sandra M. Snyder**

      icido3                UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28